[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 17, 1976 in Guilford, Connecticut. They have lived within the State of Connecticut for more than one year prior to the date of the filing of the complaint. There are no minor children who are issue of this marriage. Neither party has received any public assistance.
The parties appeared and gave testimony together with their witnesses and also submitted exhibits for the court's CT Page 8188 consideration. In addition to the findings made in paragraph one above, the following additional findings are made.
This marriage was the first for the defendant and the second for the plaintiff who was a widow. years old when they married.
The plaintiff had four minor sons when the parties married. The children lived with the parties throughout their years as minors.
At the time of this hearing the plaintiff was fifty years of age and the defendant forty-eight.
Throughout most of the marriage the defendant was steadily employed. At the inception of the marriage the plaintiff was in good financial condition having inherited money and property from her deceased husband as well as receiving social security benefits for her children. The plaintiff did not work outside the home in the early years of the marriage. She took care of the duties in the family home, raised the children and also cared and nursed the defendant's step-mother in the family home for approximately thirteen months. She also took care of the defendant's stepbrother in the family home. Both of these persons suffered from cancer.
With respect to the plaintiff's assets at the beginning of the marriage the following are to be noted. On July 31, 1973 she had cash of $105,000.00 (Exhibit A). She sold her home in Alabama and netted about $19,268.00. She purchased a house in Guilford in 1973 and sold it receiving approximately $17,000.00. These proceeds were used in acquiring the latest family home at 21 Streamview Circle, Guilford. Both of the parties contributed equally to the downpayment of this property which was approximately $35,000.00.
The defendant has been, over the years, employed as a salesman. During the marriage his earnings went into the family joint accounts to meet the family and home expenses. It is clear that the defendant at the time of the marriage owned a vacant lot in Apple Valley, California. Not so clear is his claim to have had savings of about $28,000.00 which he gave to his father for safekeeping. After the marriage he conveyed an undivided one-half interest in said California property to his wife. In 1987 the defendant inherited approximately $149,000.00 in cash and $46,000.00 in property from his stepmother.
The plaintiff has suffered from anemia and lower back problems causing her some difficulty in assisting patients in her work. At the hearing she was employed fulltime as a registered CT Page 8189 nurse at Connecticut Hospice. Her gross weekly earnings were $667.00 and her net was $487.00 after deducting withholding taxes of $130.00 and social security of $50.00.
The defendant has suffered over a period of time from depression. This is not found to have been brought on by the plaintiff's actions during the marriage. In the years 1986 and 1987 he had several family misfortunes in that his father attempted suicide, his step-mother and step-brother had long periods of cancer before succumbing to the dreadful disease. In 1985 he underwent lower back surgery. In addition he suffered gastrointestinal problems requiring surgery. At the hearing he moved very slowly, could not sit for any long period, walked with a cane and wore a large body brace. He was receiving disability income of $648.00 gross and net of $518.00 after withholding of $130.00. In addition he was receiving weekly social security payments of $209.00, rental income of $253.00, total gross of $362.00 with a deduction of $31.00 for federal income taxes. The total net weekly income equalling $849.56.
For weekly expenses the plaintiff listed on her financial affidavit $883.00, the defendant $1,085.00. Her liabilities were reported at $10,382.00, and his at $13,689.00.
The plaintiff owns one-half of the family residence and one-half of the property in California. In addition to the one-half interests to the two foregoing pieces of real estate, the defendant is the sole owner of the property at 99 Quaker Road in Hamden and owns a 14.26% interest in a limited partnership in an office condominium located at 250 State Street, North Haven, Connecticut.
The plaintiff has sought this dissolution. She has been subjected to physical violence in several instances ultimately resulting in a restraining order against the defendant barring him from the family residence. I find that there was also nonphysical abuse directed against the plaintiff by the defendant. It is true that the defendant suffered from many maladies, as set forth above, and as a result was in pain and took medication. He was, however, domineering in his treatment of the plaintiff and her children, abusing them physically and emotionally. There were many arguments between the plaintiff and the defendant. I find the husband's conduct was the major cause of the breakdown of this marriage. His conduct was adversely affected by his taking of medication together with his consumption of alcohol. I do not find similar conduct on the part of the plaintiff.
I find that the marriage has broken down irretrievably. I am inclined to accept the defendant's argument that the plaintiff found the defendant's state of health to be an impediment to the CT Page 8190 further continuation of the marriage. It was probably more a realization that, after all the effort that had been put forth in so many ways by the plaintiff for her family, the defendant and his relatives, now she had had enough. Her own physical condition had also gone down from the early days of the marriage.
The defendant must be credited with having made improvements on the plaintiff's earlier home in Guilford and in addition for having made the mortgage payments on the present family premises for over ten years and contributed to her children's tuition payments.
Two professional appraisals were submitted. The plaintiff's appraiser placed a value of $220,000.00 on the Streamview property and $143,800.00 on the Quaker Road property. The defendant's appraiser placed values of $231,000.00 and $128,000.00 respectively on each of the properties. The valuations are not too far apart with differences respectively of $11,000.00 and $16,000.00.
After due consideration of all the statutory factors relating to dissolution matters, the following orders are entered:
1. A decree dissolving the marriage may enter on the ground of irretrievable breakdown.
2. No permanent periodic alimony is awarded to either party.
3. The plaintiff is awarded the property located at #21 Streamview Circle, Guilford, Connecticut. The defendant is ordered to quitclaim his interest in said property to the plaintiff. In return the plaintiff shall issue to the defendant her non-negotiable promissory note in the face amount of $20,000.00. It shall be non-interest bearing and shall be secured by a second mortgage on said property. It shall be payable on the happening of the first of the following events:
1. the remarriage or cohabitation by the plaintiff pursuant to statute; 2. the sale of said premises; 3. upon the death of the plaintiff. Upon the death of the defendant, said note and mortgage, if not paid, shall become null and void and the plaintiff's obligation on said note shall be extinguished.
The plaintiff will be responsible for the payment of the existing first mortgage, all taxes, insurance premiums and general maintenance of said property holding the defendant free of any such liability or any other claims arising out of said property.
4. The plaintiff shall transfer to the defendant her CT Page 8191 interest in the land in Apple Valley, California.
5. The defendant shall retain as his sole property that which is located at #90 Quaker Road, Hamden, Connecticut and shall hold the plaintiff harmless from any claims arising therefrom.
6. The defendant shall retain as his sole property his interest in the limited partnership in the property located at #250 State Street in North Haven, Connecticut and shall hold the plaintiff harmless from any claims arising therefrom. As part of this property settlement the defendant shall pay to the plaintiff, the sum of $10,000.00; payable as follows: $5,000.00 within 90 days, and $5,000.00 within 90 days thereafter.
7. All jointly owned stocks, bonds, mutual funds and jointly owned savings and checking accounts shall be divided equally between the parties. Any administrative, selling and other miscellaneous expenses in bringing about this division shall be paid for by the defendant.
8. All stocks, bonds, mutual funds owned individually shall remain the sole property of the owner.
9. The plaintiff shall retain as her sole property her accounts listed on her financial affidavit at Paine Webber, CSB 401K and IRA.
10. The defendant shall retain as his sole property his IRA and Pension and Retirement Plans as set forth on his financial affidavit.
11. The plaintiff shall retain her Chevrolet as her sole property and the defendant shall retain his Mazda as his sole property.
12. The plaintiff has requested a restoration of her former name of Ann B. Harkey. This request is granted.
13. The defendant has attached to his trial brief a list of personal property items that he would like to have awarded to him as his sole property. This request is granted as to the following items which are set forth herein by reference to the defendant's numbers: 1-6, 8, 10-13, 15, 17, 19, 20 (one set only), 21, 22 (three silver settings only), 26, 27, 29, 32, 36, 37, 42, 45, 50 (one bowl living room), 51-53, 56-58, 64, 67, 69, 70, 72, 77-80, 83. In addition one ounce gold panda and panda set.
All other items of personal property located at the Streamview home are awarded to the plaintiff as her sole property. CT Page 8192
Counsel for the parties should fix the date and time within the period of forty-five days after this decision is distributed for the defendant to call for the various items awarded.
This matter may be returned to the court for further hearing upon proper motion and notice regarding any items not surrendered to the defendant pursuant to this order.
The defendant shall pay to the plaintiff's attorney on account of counsel fees the sum of $2,500.00; one-half of said sum being payable within 45 days and the balance within 45 days thereafter.
Counsel for the parties are requested to collaborate in the preparation of a judgment file for the signature of the undersigned.
JOHN OTTAVIANO, JR. STATE TRIAL REFEREE